Oral argument not to exceed 15 minutes per side. Ms. Downey for the Plaintiff Appellant. I'd like to reserve five minutes for rebuttal if I may. Very well. Thank you, Your Honor. Mindful of the court's preparation, I will dispense with the facts. There are two major issues here. One is, was the car on protection? And the other one is that the defendants say that plain view allowed them to seize the car without a warrant and including all the things that were seized within the car. In the district court, the district court started by saying, you know, it looks like this is a winning case and the court wrote in its opinion that it was indeed troubling that this car was seized when it was so close to the house. But the district court was persuaded that there was some sort of rule that says proximity alone can never be a reason to declare a part of the property to be curtilage. Now, that is an error of understanding how the done factors apply and when they do and they don't. But even if that had been the rule, the district court made another error by skipping one of the done factors when the court went through the done factors. And if that skipped factor had been considered, that should have been determined to be curtilage. Let's start with the error that was the skipped done factor. One of the factors besides proximity, whether there is an enclosure, whether the area was protected from view, and I will rest on my brief on that factor. The other factor, which is very important, is how is that area actually used by the homeowner? That goes directly to the central question of whether the area is, quote, so intimately tied to the home itself that it should be placed under the home's umbrella of Fourth Amendment protections. Can I ask you a question? You said you have two arguments. One is that one factor, your second argument is that the four factors are weighed improperly. Right. Your first argument was that one factor trumps them all. I didn't understand your first argument. It doesn't trump them all. I don't want to put words in your mouth. I just didn't understand what you were saying. That's okay. Let me go directly to that point, Your Honor. I think you think that's the stronger point? I hope so. Okay. Well, you argued it first, so I didn't want to lose that point because it felt like you'd moved to the second point already. Okay. I'll go to that point first, Your Honor. The district court believed that there were cases in this circuit that said that in no case can proximity alone determine curtilage. And it relied on, for example, the Estes case. That's an unpublished decision from the court in which a car was parked on a driveway that was adjoining not only the front door of the house, but was adjacent to a public alleyway. And in that case, among other things, the court said that proximity alone could not be, was not part of this. And it quoted the Mayshaw case. Now, in the Mayshaw case, that's a published decision from this court. But the Mayshaw case was an apartment complex with a common parking lot and a carport within that common parking lot. And there was a question when they first started by looking at proximity, they said, eh, proximity alone is not going to give us the answer about whether this is curtilage. And it cited the, I don't know how to say it exactly, Donbaugh versus Tiffin case. Sounds like there's quite a leap of cases to go back to. But we basically have the, I mean, it sounds like there's sort of one argument. There's four factors. You're saying the first one's the most important and is really heavily in your favor. And I think you're effectively, essentially saying it should outweigh the other three. Well, Your Honor, I think in this case it should outweigh the other three. Based on the cases of Morgan in this court and Jardines in the Supreme Court. I'm just not sure of cases where we say you're right about the first one and we're not going to consider the other ones at all. I don't think that's really typically the approach. Well, Your Honor, in some cases, for example, in that Jardines case, the Supreme Court never got to the other three done factors. It just declared that the area around a front door, including a front porch, was obviously curtilage from common sense and common experience. And there was nothing in that decision. A driveway. That's true, Your Honor. This is also an unenclosed driveway, an open driveway. And what is your best case from anywhere to the effect that an open, unenclosed driveway such as this is part of the curtilage of the house? What's the best case you have? Your Honor, I think that would be the Second Circuit case that I cited where they had, again, a driveway, and they analogized to the Jardines case and said that What were the facts in that Second Circuit case? Was the driveway enclosed at all? It was not enclosed at all. It was open totally like this? I believe so, Your Honor. You believe so, or was it? Your Honor, I don't remember whether it was entirely You should know the facts. I mean, if you're going to cite a case as your best authority, you ought to really know the facts. I apologize. Maybe at rebuttal you can tell me what the facts are of the Second Circuit case. I cannot find a case, and I've looked for it, that an unenclosed driveway is treated as a curtilage. I can't find a case anywhere that says that. And if there is one, I guess I'd like to read it and study it and find out how they came to it. All the cases I've seen are involving carports or driveways that at least have an enclosure on one side or parcel enclosure, but none, I can find, is when you're totally open like this. I can't find a case that says that's part of the curtilage of the house. And if there is a case, I'd like to read it. Very good, Your Honor. I will say, however, Your Honor, that there was no enclosure around the house in the Morgan case. Around the house? Around the house. We're talking about a driveway. I mean, a porch is different. Driveways are different than something actually attached to a house. Well, Your Honor. And that's normally when you think of a curtilage, you do think of a porch, of a deck, of something that's attached to the home itself as opposed to a concrete or asphalt driveway that's outside and unattached to the house. Well, Your Honor, in the Jenkins case, this court said that a backyard was curtilage,  Backyard's not always visible from the street. This was obviously visible. In other words, there's multiple cars. They could have put the charger in the middle to make it less. I mean, this could not have been more visible. Backyard. Well, the backyard may have been fenced in as well. It may have been. I mean, I don't know the facts of that case, but it may have been an enclosed space by a fence. I have a somewhat different question. Yes. Different approach to this question, which is if you and we are having as much argument as we are, and the district court as well, about what constitutes curtilage, and if the test that we ordinarily use with regard to qualified immunity is whether a reasonable officer in the position of that officer would have understood that what he was doing violated the constitutional rights of the defendant or the plaintiff in this case, first, I guess, why would we assume that a reasonable officer really would have understood that this was the curtilage? But secondly, don't we also say that officers are entitled to make reasonable mistakes? Officers are entitled to make reasonable mistakes. Why wouldn't this be a reasonable mistake? Your Honor, because there were previous published cases such as Jardine's that did not require an enclosure. There were cases such as the Morgan case in this district that, or excuse me, in this circuit, that did not talk about whether there was an enclosure around the perimeter of the house, but nevertheless said that the area within an arm's length of the house, five to seven feet from a house, was obviously curtilage. Those cases existed, and police are on notice of those cases before they search. Those cases already existed, and it's a little difficult to say that how is it that an unenclosed space within an arm's length of a house five to seven feet from the side of the house is obviously curtilage, but here when the car was parked three to four feet from the side of the house, it's not curtilage because it's a driveway. The Collins case in the Supreme Court treated driveways the same as it treats any other part of the property for purposes of curtilage. There's no auto exception. The fact that it's paved doesn't automatically mean that all the usual rules of what is curtilage get tossed out the window. Excuse me. It looks like I'm out of my time. All right. Any further questions at this point, Batchelder? No. Thank you. I'll have your five minutes rebuttal. Let's hear from the FLE. Good morning. Good morning, Your Honor. Daffy DeStella on behalf of Defendants Appellees Wayne County and Deputy Christopher Middlestad. Your Honor, I think that the one thing that's a fact that's key here is that remember that this residence does not have a front door. The residence only has a side door, and the charge charger was parked right next to the side door, and when asked at his deposition, you know, where do you take your mail and deliveries? I take it at the side door. So if the member of the public could access the driveway to go off to drop a package off exactly where the car was, we would say that, well, that's not protected curtilage. An officer can enter into any space that the member of the public can. So if an Amazon driver can drop off a package right where the car was, then the officers could do that. And I think this is a pretty straightforward case, and I think that Judge Lawson gets this exactly right. I mean, plain view seizures require three things. We're only really talking about the first one, which is the lawful vantage point. There's really no dispute that the deputies could see that the car they were looking for with the illegal lights on it, they could see it from the street. Any person passing by could see it from the street. They had a right to walk up the driveway, and as they got closer, they could confirm that this was the same car that had been encountered two days before illegally operating police lights on a freeway. And the final plain view factor would be whether the deputies had to trespass on private property to get to it. And of course, going up the driveway is not a trespass. And I think that this Court has actually a pretty good and robust jurisprudence on driveway searches. I mean, in terms of all the constitutional issues there are, there are literally five cases decided since 2009 to talk about driveways and curtilage. In addition to the Supreme Court decision in 2018 in Collins. So we don't think this is a pretty straightforward case. We don't think that there's any factual dispute. I don't know if I'm allowed to necessarily talk about this, but we had filed motions to supplement the record. I mean, Mr. Hobbitch has already pled null and contender. A criminal charge is arising out of this. We have two pending motions. I recognize that's your motion to take judicial notice. Yeah, because the Michigan criminal case concluded after summary judgment was entered. We have not conferred on that. So that is pending. Okay, I don't know if I'm allowed to talk about it in this argument. I think you are, because you've got the motion. I'm not sure you need it. Okay, well, I mean, just to wrap it up. So the criminal case had been filed before summary judgment was entered. What? Null and contender to the? To several charges. Two misdemeanor charges of impersonating a police officer, one misdemeanor charge of possessing those police lights, and then two civil infractions for reckless driving. And, of course, part of the charges were not only did he admit, but he pled null and contender to possessing his police lights, which is why he was a subject of interest in the first place, but also an examination of the memory cards that were found in the car's camera system. You know, Mr. Hovich had installed an aftermarket or a surplus police camera in his car, and an examination of that showed additional bases of, provided a factual basis for imitation of a police officer. And then, like I said, I don't think in terms of, you know, the Morgan and McLevin cases, I mean, I don't think that going up the driveway is the same thing. It's surrounding a house on all sides. And I think that in Morgan, what happened was that not only did the officers go to the back, but the incriminating evidence they saw was seen from the back. It was like a marijuana plant or something from the backyard, not in public view. So I don't think that those cases are analogous. And then finally, the Supreme Court decision in Collins, I think the district court did a great job showing that a motorcycle covered with a tarp, surrounded by a wall on three sides, is not what we're dealing with here. And the last thing I'm going to say is that, like Judge Batchelder said, that even if there was a doubt about what the law is or how it should be applied, the deputy middle statute should at least be afforded qualified immunity because the law was not clearly established for him. And of course, Corporal Wojciechowski passed away in late 2022, and there has been no substitution of him as a party to this case. So I just want to point that out, too. Any further questions? Judge Batchelder? No. All right. Thank you, counsel, for your argument. Rebuttal? Thank you, Your Honor. Thank you, Your Honor. As to the plain view doctrine, I'd like to also note to the court an opinion that was released from the court here last year, Hopkins v. Nichols, at 37 Federal Reporter 4th, page 1110. In that case, the circuit said that the plain view doctrine has to deal with warrantless searches, that it does not provide a basis for warrantless seizures of property. In that case, it was a case about seizing cattle from a farm. They had seen cows in poor condition in open fields, a dead cow by the water. They came back later and seized all the cows without a warrant. And this court said that an officer must get a warrant, if possible, before seizing an item in plain view. Even an automobile? I mean, I thought automobiles were an exception to the seizure requirement of getting a warrant. Your Honor, the Collins case that we cited said that there is no auto exception to the search and seizure rules for parked cars on driveways. That's the import of Collins v. Virginia in the Supreme Court. All right. So you're saying that they could have searched without a warrant, but they would have needed a warrant to actually seize the car before they towed it away. I see. That's correct, Your Honor, under Hopkins v. Nichols, which relied on a previous McLevain case and Coolidge v. New Hampshire. All right. Did you argue that in your brief? I don't remember it. No, Your Honor. That case was not cited because Well, is this an issue you raised in your brief? Because I don't remember that either. It is an issue that I raised in the brief, Your Honor. There might have been a constitutional search but an unconstitutional seizure. Do you distinguish the two? Your Honor, what we said in the brief was that based on McLevain and Coolidge v. New Hampshire, just as they said in the Hopkins case, that by not getting a warrant they did not have lawful right of access from the curtilage, which is exactly what they said last year in the Hopkins case, relying on exactly the same cases I cited. They had lawful access because there is no curtilage, but you're still saying that they would need a warrant to seize the property. That's interesting. How about the Second Circuit case? Were you able to figure out what the facts are? I did not have that, Your Honor, and I apologize to the court for that. All right. Thank you. Anything further? Yes, Your Honor. When Mr. Stella was making an argument about the Heck Doctrine, again – I don't think he did, did he? I don't think he argued. Well, he was talking about the NOLO. Yeah, he just brought to our attention that there is a state court record that shows your client pled NOLA contendering to the charges. I don't think he even argued Heck, though. He's talking about the motion to take judicial notice. By the way, you oppose the motion? I do, Your Honor. I mean, you do recognize that court records are routinely allowed to take judicial notice of it because they're beyond dispute. You argue we're expanding the record, but that's an exception to it, is it not? Well, yes, Your Honor, but expand the record for what possible purpose? The only possible purpose would be to make a Heck v. Humphrey argument, and typically this circuit has the district court weigh the factual issues to determine whether, in fact, finding on the civil rights case would have any possibility of impugning the criminal conviction, and that requires the weighing of a lot of facts. So you're saying it's basically irrelevant? That's what I'm saying, Your Honor. Okay. I thought you were just saying that we shouldn't expand the record, but irrelevancy is a different objection. Okay. We have yet to rule on the motion to take judicial notice, but we will. Thank you, Your Honor. All right. Thank you very much. The argument's case will be submitted. We'll call the next case.